IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAY SCOTT HEID,** *et al.***,**

      **Plaintiffs,**

      **v.**

**WARDEN, OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS,** *et al.***,**

      **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 1:25-cv-00107**
**Judge Jeffery P. Hopkins**
**Magistrate Judge S. Courter M. Shimeall**

## REPORT AND RECOMMENDATION

Plaintiff James Damron, the sole remaining plaintiff in this action, filed the initial Complaint on February 21, 2025, against the Ohio Department of Rehabilitation and Corrections ("ODRC") Director Annette Chambers-Smith and over thirty ODRC employees.  (ECF No. 1.) Thereafter, Plaintiff filed an Amended Complaint on May 14, 2025.  (ECF No. 10.)  The Court ordered Plaintiff, if he intended the U.S. Marshal to effect service, to submit service copies of the Complaint, summonses, and U.S. Marshal service forms for each Defendant by June 12, 2025, and the Court then extended that deadline to June 26, 2025.  (ECF Nos. 11, 15.)  Although Plaintiff submitted forms for Marshal service (ECF No. 17), the docket reflects that the summonses were returned unexecuted as to Defendants Annette Chambers-Smith, "Sargeant" Detty, CO Huffman, Capt. Windom, Mailroom Worker Wright, Eric Graves, "Sargeant" Schumacher, Lt. Shanklin, Wanza Jackson Mitchell, Mailroom Worker Rosengarten, Case Manager Shivley, and the Ohio Parole Board.  (ECF Nos. 22, 23, 24, 26, 36.)  The docket further does not reflect any return of

service for Defendants Brian Cook[1] and Warden Donny Morgan (collectively, the "Unserved Named Defendants").

Plaintiff's Amended Complaint also asserts claims against two Lt. John Does and "John Doe Attorney" (collectively, the "Doe Defendants").  (ECF No. 10.)  To date, the docket does not reflect that Plaintiff has moved to amend the Amended Complaint to substitute the real names of the Doe Defendants; nor does it reflect that Plaintiff has effected service upon the Doe Defendants as required by Federal Rule of Civil Procedure 4(m).

Accordingly, on May 19, 2026, the Court issued an order directing Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against the Unserved Named Defendants and the Doe Defendants without prejudice for failure to effect service and why the Court should allow an extension of time to effect service.  (ECF No. 39.)  To date, Plaintiff has not responded to the Show Cause Order, sought leave to amend the Complaint to substitute the real names of the Doe Defendants, or effected service on the Doe Defendants or the Unserved Named Defendants.

It is therefore **RECOMMENDED** that Plaintiff's claims against the two Lt. John Does, "John Doe Attorney", Annette Chambers-Smith, "Sargeant" Detty, CO Huffman, Capt. Windom, Mailroom Worker Wright, Eric Graves, "Sargeant" Schumacher, Lt. Shanklin, Wanza Jackson Mitchell, Mailroom Worker Rosengarten, Case Manager Shivley, the Ohio Parole Board, Brian Cook, and Warden Donny Morgan be **DISMISSED without prejudice** for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

---

[1] The Court notes that the docket does not reflect that Plaintiff has ever submitted service forms for Defendant Cook.

2

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

3